UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD L. ARNOLD,

    Plaintiff,

    v.

BRAD SMITH; *et al.*,

    Defendants.
_____/

No. C-13-4456 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I.   INTRODUCTION

Richard L. Arnold, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983, and has paid the full filing fee. His complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## II.   BACKGROUND

The complaint alleges the following:

From May 9, 2012 through June 6, 2012, Mr. Arnold was in a work unit that was required to clean and/or work in an area containing lead paint and asbestos. Joe Dobie failed to provide Mr. Arnold with "personal protective equipment during inventory." Docket # 1 at 3. Mr. Dobie instructed Mr. Arnold "to remove lead base[d] paints from the windows, and wall [panels] down to bare metal," and had him doing this work while others were power washing pipes encased in asbestos, without providing proper training or proper protective gear to shield Mr. Arnold against the asbestos and lead exposure in the CAL-PIA mattress and bedding factory at San Quentin. *Id.* at 3-4. Mr. Arnold has several health problems resulting from his exposure to asbestos and lead paint.

1  PIA supervisor, Mr. Loredo, and PIA manager, Mr. Earley, intentionally attempted to
2 minimize the severity of the exposure by failing to properly fill in worker's compensation forms that
3 Mr. Arnold had been exposed to asbestos. *Id.* at 4.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to an inmate's health or safety violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the deliberate indifference standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* at 837. Liberally construed, the complaint states a cognizable Eighth Amendment claim against defendant Joe Dobie for permitting or requiring Mr. Arnold to clean an area with lead paint and asbestos without adequate protective gear. *See Wallis v. Baldwin*, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (requiring inmates to clean from attic material known to contain asbestos without protective gear demonstrated deliberate indifference).

1    The complaint does not state a § 1983 claim against Mr. Loredo or Mr. Earley based on their
2 conduct in allegedly not properly filling out worker's compensation forms.  If Mr. Arnold wants to
3 plead one or more state law claims against them for this conduct, he must identify and allege the
4 particular state law claim(s), and should allege that he is suing for relief under 28 U.S.C. § 1367 (the
5 supplemental jurisdiction provision) as well as under 42 U.S.C. § 1983 (the civil rights statute that
6 gives the Court federal question jurisdiction over the case).

7    Finally, the biggest problem in the complaint is the complete absence of any allegations
8 against the several other defendants, who are listed as defendants but are not alleged to have
9 engaged in any acts or omissions.  There are many exhibits attached to the complaint, but it is a
10 plaintiff's obligation to write out a complete statement of his claims, rather than to expect the Court
11 to read through exhibits to piece one together for him.  Mr. Arnold will be given leave to amend to
12 file an amended complaint that provides a complete statement of his claims.  Mr. Arnold is
13 cautioned that he needs to link individual defendants to each of his claims.  He should not refer to
14 them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name
15 and link each of them to his claim by explaining what each involved defendant did or failed to do
16 that caused a violation of his rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).[1]

### IV.   CONCLUSION

18    The complaint states a cognizable § 1983 claim against Mr. Dobie but fails to state a § 1983
19 claim upon which relief may be granted against any of the other listed defendants.  Plaintiff is given
20 leave to file an amended complaint so that he may allege one or more claims against each of the
21 listed defendants.  The amended complaint must be filed no later than **August 29, 2014**, and must
22 include the caption and civil case number used in this order and the words AMENDED
23 COMPLAINT on the first page.  Plaintiff is cautioned that his amended complaint must be a
24 complete statement of his claims, so he must repeat his claims against Mr. Dobie, as well as allege

---

[1] There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated plaintiff's rights.  *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

3

claims against the other defendants. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") If Plaintiff fails to file an amended complaint by the deadline, all defendants other than Mr. Dobie will be dismissed and the action will proceed against just him.

Plaintiff's motion to compel the defendants to answer his complaint is **DENIED** as premature. Docket # 10. The Court also notes that Defendants are permitted by statute to file a waiver of reply instead of an answer. *See* 42 U.S.C. § 1997e(g).

IT IS SO ORDERED.

Dated: July 28, 2014

_____
EDWARD M. CHEN
United States District Judge

4