UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD L. ARNOLD,

    Plaintiff,

v.

BRAD SMITH; *et al.*,

    Defendants.

No. C-13-4456 EMC (pr)

**ORDER SCREENING COMPLAINT**

## I. INTRODUCTION

Richard L Arnold, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. After the Court dismissed the original complaint with leave to amend, Mr. Arnold filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915A.

## II. BACKGROUND

The amended complaint alleges the following:

From May 9, 2012 through June 6, 2012, Mr. Arnold was in a work unit that was required to clean and/or work in an area containing lead paint and asbestos. Joe Dobie failed to provide Mr. Arnold with personal protective equipment during inventory, and instructed Mr. Arnold "to remove lead base[d] paints from the windows & wall siding down to bare metal, and wash steam line pipes encased with Asbestos" without providing proper training or proper protective gear to shield Mr. Arnold against the asbestos and lead exposure in the CAL-PIA mattress and bedding factory at San Quentin. Docket # 12 at 3. Mr. Arnold has several health problems resulting from his exposure to asbestos and lead paint.

PIA supervisor, Mr. Loredo, and PIA manager, Mr. Earley, intentionally attempted to minimize the severity of the exposure by failing to properly fill in worker's compensation forms that Mr. Arnold had been exposed to asbestos.

Mr. Loredo, Mr. Dobie and Jeremy Young, acting under or with Mr. Earley's authority, ordered Mr. Arnold to work under conditions that exposed him to the toxic substances.

K.A. Davis, a correctional officer ("C/O"), did security checks on the area between May 9, 2012 through June 6, 2012. C/O Davis said there was a "good possibility" that there was lead in the paint and asbestos in the insulation. *Id.* at 13. C/O Davis also said he had notified Mr. Dobie and Mr. Young of the danger to the inmate workers.

On June 6, 2012, Luu Rogers, a maintenance supervisor, toured the area and noted the lead paint and asbestos.

After learning of the contamination, Mr. Earley and Mr. Dobie failed to follow proper procedures for decontamination. The inmate-workers were allowed to shower but were not given clean clothes.

Jeremy Young, the supervisor of the CAL-PIA bedding and mattress department at San Quentin, notified his supervisor, Mr. Dobie, of a potential asbestos and lead paint danger in removing the paint and disturbing the insulation. After notifying Mr. Dobie, Mr. Young did nothing further to safeguard the inmate workers; in fact, he instructed the inmates to continue working while he was aware of the risk to their health and safety.

Several defendants took steps to deal with the situation on and after June 6, 2012. Elizabeth Babcock, a hazardous material specialist, identified asbestos and lead at the work site upon her arrival and immediately shut down the mattress and bedding factory. She then directed the prison officials to have the inmates evaluated for exposure to lead. B. Smith signed a form about the incident after the fact.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

2

§ 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to an inmate's health or safety violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the deliberate indifference standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* at 837. Liberally construed, the amended complaint states a cognizable Eighth Amendment claim against defendants Dobie, Earley, Loredo and Young for permitting or requiring Mr. Arnold to clean an area with lead paint and asbestos without adequate protective gear. *See Wallis v. Baldwin*, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (requiring inmates to clean from attic material known to contain asbestos without protective gear demonstrated deliberate indifference).

Even with liberal construction, the amended complaint does not state a claim against C/O Davis, as the allegations against him do not suggest deliberate indifference. C/O Davis had informed the CAL-PIA supervisors of the risk of potential exposure to asbestos and lead paint in the area, and did not compel Mr. Arnold to work in the area.

The amended complaint does not state a claim against the other defendants who stopped the work in the area on June 6, 2012 when they learned of the asbestos and lead paint problem. The bedding and mattress factory was deemed unsafe and was closed on June 6, 2012. The defendants

who took steps on and after June 6, 2012 to stop the work and write reports about it after the fact are not liable for deliberate indifference to Mr. Arnold's safety for the already-completed exposure to the toxic substances.

Any mishandling or failure to grant Mr. Arnold's inmate appeal in the prison administrative appeal system does not amount to a due process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). Prison officials are not liable for a due process violation for simply failing to process an appeal properly or failing to find in Mr. Arnold's favor.

Mr. Arnold alleges several state law claims. It appears that some or all of these may be barred by the rule that the workers' compensation system is the exclusive remedy of an employee for an industrial injury. *See* Cal. Labor Code § 3600 *et seq*. The defendants being served must address the state law claims in their answer and/or dispositive motions.

## IV. CONCLUSION

1. The amended complaint states a cognizable § 1983 claim against Joe Dobie, Philip Earley, Gary Loredo, and Jeremy Young for a violation of Plaintiff's Eighth Amendment rights.

2. The Clerk will issue a summons for each of the following four defendants who apparently work at San Quentin State Prison in the Prison Industries Authority:

- Joe Dobie
- Philip Earley
- Gary Loredo
- Jeremy Young

The Clerk then will send the summons to Plaintiff for his use in service of process. Plaintiff has paid the full filing fee and is not proceeding *in forma pauperis*. He therefore is responsible for service of process on each defendant.

4

3. No later than **March 13, 2015**, Plaintiff must (a) file a proof of service showing that he has caused the summons and amended complaint to be served on each defendant or (b) show cause why this action should not be dismissed for failure to serve process within 120 days of the filing of the complaint. *See* Fed. R. Civ. P. 4(l)-(m). If he does neither, the action will be dismissed. Once Plaintiff tends to serving process on the defendants, the court will set a scheduling order to move this case toward resolution.

4. When Plaintiff causes the summons and amended complaint to be served on each defendant, he must also cause a copy of this order to be served on each defendant.

5. All communications by Plaintiff with the Court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: November 12, 2014

_____
EDWARD M. CHEN
United States District Judge

5