UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD L. ARNOLD,

        Plaintiff,

    v.

BRAD SMITH; *et al.*,

        Defendants.
        _____/

No. C-13-4456 EMC (pr)

**ORDER**

        Plaintiff, an inmate at San Quentin State Prison, filed this *pro se* civil rights action. On November 12, 2014, the Court screened the complaint and ordered Plaintiff, who had paid the full filing fee, to serve process on Defendants. Plaintiff then sent to the Court a letter stating that he had not received a response from the Marshal's service and was unable to find information in his law library. It is Plaintiff's obligation to cause service of process to be made. Procedures for accomplishing service of process are discussed in Federal Rule of Civil Procedure 4(c)-(l). Rule 4(e) also states that an individual may be served with process by following state law. Methods of service permissible under California law include personal delivery of the summons and amended complaint to a defendant or authorized agent (*see* Cal. Code Civ. Proc. § 415.10), substitute service to someone else at defendant's residence or place of business (*see id.* at § 415.20), or service by mail coupled with acknowledgment of receipt (*see id.* at § 415.30). Plaintiff needs to familiarize himself with these methods and accomplish service of process.

        The Court now extends the deadline to **April 10, 2015**, for Plaintiff to (a) file a proof of service showing that he has caused the summons and amended complaint to be served on each

defendant or (b) show cause why this action should not be dismissed for failure to serve process within 120 days of the filing of the complaint. *See* Fed. R. Civ. P. 4(l)-(m). If he does neither, the action will be dismissed.

IT IS SO ORDERED.

Dated: January 29, 2015

_____
EDWARD M. CHEN
United States District Judge

2